# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                                        )
**CAIUS VEIOVIS,**                      )
                                        )
      **Petitioner,**          )
                                        )
**v.**                                  )      **Civil Action No. 4:18-cv-11632-TSH**
                                        )
**COLETTE M. GOGUEN,**                  )
                                        )
      **Respondent.**          )
_____)

## RESPONDENT'S ANSWER TO THE PETITIONER'S
## PETITION FOR A WRIT OF HABEAS CORPUS

Pursuant to Rule 5 of the Rules Governing Habeas Corpus Cases Under Section 2254, the respondent, Colette M. Goguen, hereby answers the petition for a writ of habeas corpus filed by the petitioner, Caius Veiovis.

1.  (a)-(b) Admitted.

2. (a). Denied.  Answering further, the respondent states that the date on which the judgment of conviction entered was September 26, 2014.

    (b). Denied. Answering further, the respondent states that the date on which the sentence entered was September 29, 2014.

3. Admitted.

4. Admitted.

5. Admitted.

6. (a). Admitted.

    (b). Left blank by the petitioner.

    (c). Admitted.

7. Agreed.

8. Admitted.

9. (a)-(c). Admitted.

    (d).    Denied.  Answering further, the respondent states that the date on which the Massachusetts Supreme Judicial Court issued its decision that affirmed the petitioner's conviction was July 19, 2017.

    (e).    Admitted.

    (f).    The grounds for the petitioner's appeal are set forth in his brief, which was filed in the Massachusetts Supreme Judicial Court, and speak for themselves.  To the extent the petitioner's summary of those grounds differs from his actual filings, the respondent denies his allegations.

    (g).    Admitted.

    (h).    Admitted.

10. Admitted.

11. (a)-(c). Left blank by the petitioner.

    (d)(1).  Admitted.

    (d)(2)-(3). Left blank by the petitioner.

    (e). Left blank by the petitioner.

12.    **<u>GROUND ONE</u>:**

    (a).    The respondent states that paragraph 12 of the petition contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is deemed necessary, the respondent denies the factual allegations contained in paragraph 12 of the petition insofar as they are

inconsistent with the state-court record, or are inconsistent with the facts

found by the Massachusetts Supreme Judicial Court in <u>Commonwealth v.</u>

<u>Veiovis</u>, 477 Mass. 472, 78 N.E. 3rd 757 (2017).

(b). Left blank by the petitioner.  To the extent the petitioner's failure to offer

allegations is intended or construed as an assertion that the claim in Ground

One is exhausted, the respondent denies that a federal claim coextensive with

Ground One was presented to the state courts.

(c)(1).  Denied.

(c)(2).  Left blank by the petitioner.

(d)(1).  Admitted.

(d)(2)-(7).  Left blank by the petitioner.

(e). Left blank by the petitioner.


**<u>GROUND TWO</u>:**

Left blank by the petitioner.

**<u>GROUND THREE</u>:**

Left blank by the petitioner.

**<u>GROUND FOUR</u>:**

Left blank by the petitioner.

13. (a). Admitted.

  (b). Admitted.

14. Admitted.

15. Admitted.

16.     (a) Left blank by the petitioner.

        (b)-(e).     Admitted.

        (f)-(g) Left blank by the petitioner.

17.     Admitted.

18.     This paragraph contains a conclusion of law to which no response is required.

Pursuant to Rule 5(b) of the Rules Governing Habeas Corpus Cases Under Section 2254, the respondent states that the petitioner's action is defective for the reasons stated in the Affirmative Defenses listed below. The information and/or materials required by Rules 5(c) and 5(d), and this Court's order of November 1, 2019, are contained in the respondent's Supplemental Answer, filed on the same day as this Answer.

## First Affirmative Defense

The state court's adjudication of the petitioner's claims was not contrary to or an unreasonable application of clearly-established Supreme Court law; nor was it based upon an unreasonable determination of facts in light of the evidence presented in the state court proceedings. See 28 U.S.C. § 2254(d).

## Second Affirmative Defense

The petitioner cannot rebut the presumption of correctness accorded to the state court's factual determinations underlying his purportedly federal constitutional claims. See 28 U.S.C. § 2254(e)(1).

## Third Affirmative Defense

The petition should be denied to the extent that the decision of the state court below rests on a state-law ground that is both independent of the federal questions the petitioner presents here and adequate to support the judgment.

### Fourth Affirmative Defense

The petition should be dismissed to the extent it fails to state a claim upon which habeas corpus relief may be granted.

### Fifth Affirmative Defense

The petition should be dismissed to the extent one or more of its claims are harmless under the standards set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993).

### Sixth Affirmative Defense

The petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

### Seventh Affirmative Defense

The petition should be denied to the extent that any of its grounds for relief are premised solely on matters of state law.

### Eighth Affirmative Defense

The petition should be denied to the extent one or more of its grounds for relief are unexhausted.

### Ninth Affirmative Defense

The petitioner is not in custody in violation of the Constitution, laws, or treaties of the United States.  See 28 U.S.C. §§ 2241(c), 2254(a).

The respondent respectfully reserves the right to amend or supplement this Answer and the Supplemental Answer in the future should that need arise.

Respectfully submitted,

MAURA HEALEY
Attorney General

 /s/ David F. Capeless
David F. Capeless (BBO # 072570)
Special Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200
david.f.capeless@state.ma.us

Dated:  September 15, 2020

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system on September 15, 2020, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including Dana Curhan, Esq., counsel for the petitioner in this matter. There are no non-registered participants involved in this case.

Dated:  September 15, 2020                    /s/ David F. Capeless
                                             David F. Capeless